## EBEN A. LESTER *vs.* GILMAN M. PALMER.

The sale of the right to make, use and vend a patented invention which cannot be applied to any beneficial purpose, but is wholly worthless, is not a valid consideration for a promissory note, although the parties acted in good faith and both then believed the patent to be valuable.

CONTRACT upon a promissory note for $150, given by the defendant to the plaintiff.

At the trial in the superior court, before *Vose,* J., it appeared that the plaintiff obtained letters patent for a loose wheel for horse cars, and sold to the defendant and two other persons the right to make, use and vend the same in Massachusetts, and the note in suit was one of several notes given in payment therefor. About three months before the date of the note, the defendant manufactured four wheels under the patent for one Decatur, which were put upon a horse car upon the Dorchester Horse Railroad, where they have been occasionally in use since. At the time of the sale, the wheels had been in use in no other place, but there was evidence tending to show that at that time both parties thought the invention very valuable. The defendant was allowed to introduce evidence, under objection, that the invention was not useful, but was wholly worthless. The plaintiff contended that if the parties acted in good faith, and both

then believed that the patent was valuable, the sale was a good consideration for the note; but the judge instructed the jury that if the wheel could be applied to any beneficial purpose, it might be deemed a useful invention; but if it was not capable of some such use, and was wholly worthless, the transfer of a right to make, use and vend wheels under the patent would not be a valid consideration for the note.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*W. Brigham,* for the plaintiff. The doctrine of *caveat emptor* applies to this case. *Barnum* v. *Barnum,* 8 Conn. 469. The question submitted to the jury was not whether the patent was void, but whether it was valuable; and they were left to infer that it was a question of more or less profit. The meaning of the word "useful" was not defined. An invention is useful which is capable of use, and is not injurious to the well-being, good policy and sound morals of society. *Lowell* v. *Lewis,* 1 Mason, 182. *Bedford* v. *Hunt,* Ib. 302. *Dunbar* v. *Marden,* 13 N. H. 316.

*A. A. Ranney,* for the defendant, cited *Dickinson* v. *Hall,* 14 Pick. 217; *Goddard* v. *Lyman,* Ib. 268; *Cone* v. *Baldwin,* 12 Pick. 545.

Dewey, J. The instructions of the presiding judge seem to have been in entire conformity with the decision of this court in the case of *Dickinson* v. *Hall,* 14 Pick. 217. It was there insisted that the jury were not to find the patent void, and the note without consideration, merely because the machine, the patent right for which was sold, when put to actual use, would yield no pecuniary benefit; but the jury were instructed that, if an invention be utterly frivolous or worthless, it is not, within the meaning of the law, "useful." Upon a revision of that case by the full court, it was held that an invention, in order to be the subject of a patent right, must be useful for some beneficial purpose, and that the instructions given at the trial were correct. It was there deemed an immaterial circumstance that the vendor supposed the patent a valid one, and was wholly innocent of fraud in the matter, the case being put upon the

broad ground that the vendor was not the owner of any legal patent right, because the same was wholly void, the invention not being of any beneficial use.

We are aware that somewhat different views have been taken in other tribunals, as to this defence, where the vendor acted *bona fide,* and honestly supposed that the invention might be made beneficially useful, although in the event it proved otherwise. But we must give effect to our own course of decisions on this subject.

The evidence offered by the defendant was properly admitted, and the case submitted to the jury under proper legal instructions.                                             *Exceptions overruled.*